CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 28 2012

JULIA C. DUDLEY, CLERK
BY: /s/ Brust
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JESSICA FAIRR SHIBLEY, | ) |
| | ) Civil Action No. 7:11CV00357 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By: Honorable Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Jessica Fairr Shibley, was born on January 9, 1977, and eventually completed her high school education. Ms. Shibley has also attended community college and nursing school. Plaintiff has worked primarily as a customer service representative, accounting clerk, automobile title clerk, labeler, and bank teller. The Administrative Law Judge determined that Ms. Shibley last

worked on a regular and sustained basis in 2006. (TR 13). On April 8, 2008, plaintiff filed applications for disability insurance benefits and supplemental security income benefits. She alleged that she became disabled for all forms of substantial gainful employment on July 1, 2006, due to obsessive compulsive disorder, bipolar disorder, depression, and residual effects from head trauma which required reconstructive surgery. Plaintiff now maintains that she has remained disabled to the present time. As to her claim for disability insurance benefits, the record reveals that Ms. Shibley met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner.

Plaintiff's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated December 10, 2010, the Law Judge also determined that Ms. Shibley is not disabled. The Law Judge found that plaintiff suffers from several severe impairments including depression, obsessive compulsive disorder, and substance abuse/dependence in remission. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she has the ability to maintain attention and concentration for periods commensurate with unskilled, simple, routine, repetitive tasks; she should engage in only occasional interaction with coworkers and supervisors and superficial interaction with the public; she should avoid unusual work situations or changes to a routine work setting.

(TR 15). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge held that Ms. Shibley retains sufficient capacity to return to her past relevant work as a labeler. Relying on the vocational expert's testimony, the Law Judge also found that plaintiff

2

retains sufficient functional capacity to perform several other simple, unskilled work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Ms. Shibley is not disabled, and that she is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(f) and (g) and 416.920(f) and (g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Shibley has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Ms. Shibley suffers from major depressive disorder, borderline bipolar disorder, anxiety disorder, and obsessive-compulsive disorder. She has been treated by several different psychiatrists and psychologists, as well as by a physician's assistant. As might be expected, given the nature of her conditions, Ms. Shibley has undergone numerous peaks and valleys in her treatment history. The court believes that the Administrative Law Judge properly assessed the mental health record in determining that, when

properly and consistently treated, Ms. Shibley retains sufficient functional capacity to perform a restricted range of work activity. For the most part, plaintiff's treating mental health specialists do not consider her limitations to be overly severe and have reported that she possesses fair to good capacity to engage in work-related functions. Over the last several years, her GAF scores have ranged from 53 to 81.[1] While it is true that a physician's assistant recently reported that Ms. Shibley suffers from a marked loss of ability to concentrate secondary to depression, the court believes that the Administrative Law Judge properly discounted this opinion. Based on the notes compiled by plaintiff's treating mental health specialists, the court concludes that the Law Judge properly determined that plaintiff retains sufficient functional capacity to perform the work roles suggested by the vocational expert. Thus, the court finds substantial evidence to support the Law Judge's determination that plaintiff is not disabled within the meaning of the Act. It follows that the Commissioner's final decision denying entitlement to benefits must be affirmed.

On appeal to this court, Ms. Shibley argues that the Law Judge gave inadequate reasons for discounting the physician assistant's opinion that plaintiff experiences marked limitation in her ability to concentrate. The medical record reveals that Mary Kiser, a physician's assistant, compiled many of the mental health reports in this case. Without question, Ms. Kiser qualifies as a treating medical source. However, the court notes that under 20 C.F.R. §§ 404.1513 and 416.913, the physician's assistant does not qualify as an acceptable medical source. In any event, and more to the

---

[1] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A GAF score of between 51 and 60 is indicative of moderate symptoms or moderate difficulty in social, occupational, or school functioning. A score between 61 and 70 represents only some mild symptoms or some difficulty in social, occupational, or school functioning, but generally functioning pretty well, with some meaningful interpersonal relationships. With a GAF score between 71 and 80, if symptoms are present, they are transient and expectable reactions to psychosocial stressors, with no more than slight impairment in social, occupational, or school functioning. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 47 (4th ed. text rev. 2000).

4

point, the reports from the psychiatrists and psychologists who saw Ms. Shibley include no notations of any unusual or severe limitation in plaintiff's capacity for concentration. The Administrative Law Judge properly relied on a consultative psychological report from Dr. Marvin A. Gardner, Jr. in assessing this issue. Dr. Gardner specifically noted that plaintiff's concentration "is within normal limits." (TR 389). The Law Judge's treatment of the issue also finds support in two reports from nonexamining state agency psychologists. After reviewing all the evidence of record, Dr. Daniel Walter and Dr. Joseph Leizer both noted no more than moderate limitation in plaintiff's capacity for sustained concentration and persistence. (TR 316-17, 348-49). Considering all the evidence of record, the court finds substantial evidence to support the Law Judge's determination that Ms. Shibley does not suffer from a marked loss of ability to concentrate.

Ms. Shibley also contends that the Administrative Law Judge failed to give adequate weight to plaintiff's own testimony regarding the manifestations of her mental health problems. The court agrees that at the administrative hearing in this case on October 20, 2010, Ms. Shibley gave testimony which indicates that she is no longer able to engage in any work activity on a regular and sustained basis. However, the court believes that plaintiff's testimony finds little support in the medical record. As noted above, the mental health specialists who have actually seen Ms. Shibley specifically indicated that she is not overly impaired when she follows her treatment regimen, including proper administration of mood correcting medication. For example, in his consultative psychological assessment, Dr. Gardner reported as follows:

> The claimant is able to perform simple and repetitive tasks and maintain regular attendance in the workplace. She is able to perform work activities on a consistent basis. She is able to perform work activities without special or additional supervision. The claimant's primary source of anger is due to her poor interaction with her 8-year-old daughter. The claimant has strong control needs which leave her frustrated with

5

> her daughter due to a lack of parenting skills. The claimant was able to accept all instructions from this examiner with some resistance shown to answering in a focused manner. The claimant tends to have control issues with supervisors, coworkers and with the public. She is most likely to work successfully in a job where interaction with others is at a minimum. The claimant has never decompensated. She is unlikely to decompensate due to the stress of 40 hours per week of competitive work.

(TR 390). Mary Kiser, the physician's assistant who has seen plaintiff on a regular basis, specifically noted that plaintiff experiences satisfactory ability to function in all respects, save for her inability to concentrate. In short, Ms. Shibley's testimony regarding debilitating mental health symptoms is simply not consistent with the body of medical evidence in her case. The court believes that the Administrative Law Judge properly determined not to give controlling weight to plaintiff's lay testimony.

For the reasons stated, the court concludes that the Administrative Law Judge's opinion is supported by substantial evidence. It follows that the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. In affirming the Commissioner's final decision, the court does not suggest that Ms. Shibley is free of all depression, anxiety, and mood disturbance. Indeed, the medical record confirms that plaintiff suffers from serious mental health problems which can be expected to result in significant symptomatology, especially when she is not properly medicated. However, it must again be noted that the mental health specialists who have treated plaintiff's condition believe that she can engage in a reasonable level of activity if she maintains her treatment regimen. It must be recognized that the inability to do work without any subjective problems does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits.

6

Indeed, the court believes that the Administrative Law Judge offered a very reasonable and comprehensive set of limitations in the hypothetical question put to the vocational expert. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. <u>Richardson v. Perales</u>, <u>supra</u>; <u>Oppenheim v. Finch</u>, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. <u>Laws v. Celebrezze</u>, <u>supra</u>. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 28th day of June, 2012.

/s/ Glen Conrad
Chief United States District Judge